IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN A. HERRIN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| V. | § | CASE NO. 4:09-CV-02174 |
| | § | |
| MAX PROTETCH, INC. AND | § | JURY DEMANDED |
| THE MUSEUM OF MODERN ART, | § | |
| | § | |
| *Defendants*. | § | |

### DEFENDANT MAX PROTETCH, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiff's response, and the affidavit attached thereto, attempt to manufacture jurisdiction on the basis of facts that have repeatedly been held insufficient to support jurisdiction. Defendant Protetch's motion to dismiss should be granted.

Plaintiff makes no argument in favor of general jurisdiction. There are no allegations or proof that Defendant Protetch, a New York corporation, regularly conducts business in Texas so as to give rise to general jurisdiction. The only potential basis for jurisdiction is specific jurisdiction; but the fact alleged by Plaintiff fall far short of establishing specific jurisdiction.[1]

The core of Plaintiff's jurisdictional contentions is that Defendant Protetch, a New York corporation, entered into a contract with a Texas resident. But Texas courts have repeatedly recognized that personal jurisdiction is not justified by the fact that a non-resident contracts with a Texas resident. *J.D. Fields & Co., Inc. v. W.H. Streit, Inc.,* 21 S.W.3d 599, 604 (Tex. App.-

---

[1] "The district court's exercise of specific jurisdiction is appropriate only when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action." *Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.,* 85 F.3d 201, 205 (5th Cir.1996) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)).

Houston [1st Dist.] 2000, no pet.); *Electrosource, Inc. v. Horizon Battery Technologies,* 176 F.3d 867, 872 (5th Cir.1999) (applying Texas law).

In order to try and dress up the allegations, Plaintiff next contends that there were numerous phone calls and emails from Defendant Protetch, in New York, to Plaintiff, in Texas. Plaintiff makes no effort to describe the content of those calls and emails, and what, if any, significance those calls and emails *might* have to any relevant matter in the case. Nowhere does Plaintiff allege that any of those communications formed any basis of the Plaintiff's claims. And such calls and messages came <u>after</u> the contract was entered into (the contract, of course, having been entered into by Plaintiff while he was in New York).

Plaintiff also suggests in his affidavit that his payments made from Texas to Defendant Protetch in New York somehow create a Texas nexus. But cases are clear that payments made **<u>to</u>** Texas are insufficient to create jurisdiction; a similar result should follow from payments made **<u>from</u>** Texas. *See JD. Fields & Co., Inc. v. W.H. Streit, Inc.*, 21 S.W.3d 599, 604 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (payment made to Texas insufficient to justify jurisdiction).

Finally, Plaintiff suggests that Defendant Protetch's efforts to discuss Plaintiff's dissatisfaction with the table, and Max Protetch's visit to Plaintiff's house in Houston (which took place when Mr. Protetch was in Houston on matters unrelated to Mr. Herrin's table, are sufficient to create jurisdiction. However, that visit was, as Plaintiff admits, well after the contract had been entered into, payment made, and the contract performed. As the contract was formed in New York, and then fully performed in New York (table was shipped to Texas FOB New York), Defendant Protetch's after-the-fact efforts to mollify a dissatisfied customer provide no basis for specific jurisdiction.

## CONCLUSION

Protetch respectfully requests the Court to grant its challenge to personal jurisdiction, and dismiss all of Plaintiff's claims against it for lack of personal jurisdiction. Protetch also requests all other relief to which it may be entitled.

Dated: August 24, 2009

          Respectfully submitted,

          **CROWLEY NORMAN LLP**

          By: /S/ R. Martin Weber, Jr.
          R. Martin Weber, Jr.
          State Bar No. 00791895
          3 Riverway, Ste. 1775
          Houston, Texas 77056
          713.651.1771
          713.651.1775 (facsimile)
          mweber@crowleynorman.com

          ***ATTORNEYS FOR DEFENDANT***
          ***MAX PROTETCH, INC.***

## CERTIFICATE OF SERVICE

I certify that on August 24, 2009, a copy of the foregoing was served on all counsel by and through the ECF system and by facsimile transmission.

          /S/ R. Martin Weber, Jr.